# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CARLYLE FLEMING,       )
                           )
      Movant,         )
                           )
    v.                )      No. 4:15-CV-655-CDP
                           )
UNITED STATES OF AMERICA,  )
                           )
      Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Carlyle Fleming to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will order movant to show cause why this action should not be dismissed as time-barred.

### Background

Movant pleaded guilty to one count of conspiring to commit racketeering, in violation of 18 U.S.C. §§1962(d) and 1963(a). He was sentenced on May 29, 2012, to 132 months' imprisonment and 3 years of supervised release. Movant did not appeal.

In the instant action, movant seeks relief from his conviction and sentence on the ground that the plea agreement lacked mutual assent and legal consideration, and

therefore, was fraudulent and void.   More specifically, movant alleges that his "plea

contract . . . is nothing short of adhesive and coercive given the fact that [he] did not

receive the document until 15 minutes prior to the judge coming in to the court to

have [him] swear to its validity."   Movant claims that his counsel "was not only

ineffective, but entirely non-existent as to the plea's creation, any benefit to [him],

and to the law itself."   Movant claims that the "objective of the plea agreement [is]

the exchange of consideration" and that his attorney's "failure to secure

consideration for [him] is fraudulent."   Movant acknowledges that he "seems to be

behind & late with the filing" of this action, and he seeks equitable tolling on the

ground that extraordinary circumstances exist because he "has been injured by

fraud."

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District

Courts provides that a District Court may summarily dismiss a § 2255 motion if it

plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section.
> The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is   removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal.   Movant's conviction became final in 2012, but he did not file this motion to vacate until April 15, 2015. Although movant seeks equitable tolling, the Court is not persuaded by his tolling argument.   "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence," *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008), and conclusory allegations are insufficient, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).   Movant has failed to allege sufficient facts demonstrating that he pursued his rights diligently and that some extraordinary

circumstance stood in his way that prevented the timely filing of his § 2255 habeas motion. *See Holland v. Florida*, 560 U.S. 631, 649-50 (2010).

Before taking any further action, the Court will order movant to show cause as to why this action should not be dismissed as time-barred. Movant is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed without further notice to him.

Respondent will not be ordered to respond to the motion to vacate at this time. Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing, within thirty (30) days of the date of this Order as to why his 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred.

Dated this 5th day of May, 2015.

_____
**UNITED STATES DISTRICT JUDGE**